# McKibbin, Appellant, *v.* Hulton Dyeing & Finishing Company.

*Corporation—Contract—President—Ratification—Lease.*

A contract in writing for the purchase of real estate made by the president of a corporation in the company's name, without authority, and contrary to the by-laws, and without the knowledge of the directors or other officers, is invalid; and no ratification of the contract can be inferred from the fact that the company entered into possession of the real estate under a lease which had no connection with the contract, and paid rent therefor, although the lease was for a year, and the contract to purchase provided for a settlement in a year.

Argued Jan. 7, 1910.   Appeal, No. 321, Jan. T., 1909, by plaintiff, from judgment of C. P. No. 3, Phila. Co., June T., 1906, No. 2,329, for defendant non obstante veredicto in case of David McKibbin v. Hulton Dyeing & Finishing Company. Before Fell, C. J., Brown, Mestrezat, Potter, Elkin and Stewart, JJ.   Affirmed.

Assumpsit to recover the purchase money of real estate. Before Moschzisker, J.

The opinion of the Supreme Court states the case.

Verdict for plaintiff for $6,900.   The court subsequently entered judgment for defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*Charles H. Pile,* with him *William J. Geggis,* for appellant.

*Charles L. Lockwood,* for appellee.

Per Curiam, February 14, 1910:

This action was to recover the price of real estate which the president of the corporation defendant agreed in writing in its name to purchase from the plaintiff.   It is undisputed that the president was without authority to bind the corpo-

ration by such a contract and was forbidden by the by-laws to do so, and that no action was taken by the board of directors in relation to it. There was no evidence that any of the directors or any of the officers of the company except the president had knowledge of it. By the terms of the contract one year was allowed for settlement, and the defendant went into possession under a lease for one year, collected rent from the subtenants and paid rent to the plaintiff. The collection and payment of these rents was relied on by the plaintiff as a ratification by the corporation of the contract of sale. The lease was not a part of the contract of sale. It was a separate and distinct contract in writing, complete in itself, and there was nothing on its face to show that it had any connection with the contract of sale. No ratification of it could be considered as a ratification of the unauthorized contract of sale, of which the directors had no knowledge.

The judgment is affirmed.